*148
By the Court,

Nelson, Ch. J.
The prisoner was indicted and tried at the last June term of the court of oyer and terminer held in and for the. county of Richmond, for the alleged murder of Emeline Houseman. ' The trial continued through some ten days, and the jury, after an absence of about seventeen hours, were discharged by the court, on the ground that they were unable to agree upon a verdict. The indictment has since been removed into this court by certiorari, pursuant to the statute, and a motion made on behalf of the prisoner to change the venue from the county of Richmond to the city and county of New-York, upon the allegation that a fair and impartial trial cannot be had in the former county. As these motions are becoming somewhat common of late, I have looked into the papers with a view to ascertain whether any general rule .of practice has been established on the subject; and if not, to endeavor to settle some rule by which cases of this kind may hereafter be governed.
The leading authority bearing upon the question is Rex v. Harris et al., (3 Burr. 1330, 1 Bl. Rep. 378, S. C.) The affidavit upon which the motion was founded stated generally the belief of the deponents that a fair and impartial trial could not be had in the county where the venue was laid, without setting forth the facts and circumstances forming -the grounds of such belief. The judges denied the motion for this defect, and determined that the facts and circumstances showing that a fair trial could not be had must be set forth in the affidavits, so as to enable the court to judge for itself whether or not the allegation was well founded; and further, that the inability to obtain, a fair and unprejudiced jury should be clearly established. This view of the question has been taken in all the subsequent books and cases. (1 Chitty’s Cr. Law, 200; Roscoe’s Cr. Ev. 236; The People v. Vermilyea, 7 Cowen, 137, 8, 9; The People v. Webb, 1 Hill, 179.)
I think the rule founded in good sense, and that its practical operation will prove an essential check upon the facility with which these motions may be got up by the prisoner and his friends, from a too ready apprehension of undue prejudice. It *149 will guard against any abuse of the practice by the prisoner, and at the same time afford him every reasonable means and opportunity of changing the place of trial, when undue prejudice and partiality really exist to an extent incompatible with a pure and wholesome administration of the law.
I have looked attentively into the affidavits for and against the motion, produced on the hearing, and feel quite confident that a case has not been made out within the foregoing principles. There are very few facts disclosed upon which to predicate the conclusion of á prevailing prejudice against the prisoner; and these are countervailed, refuted or explained away by the opposing papers. Opinions and belief expressed on the subject I lay entirely out of the case. The fact of undue prejudice as derived from conversations and enquiry among the inhabitants of the county, is met by an equal if not greater array of testimony on the other side. Some bias and prejudice will always exist in a community where guilt is suspected; and in most cases of crimes, especially if of a flagrant character, a prima facie case of undue feeling and excitement may be easily established. We must generally rely upon the opposing affidavits to rectify any partial or limited views that may be thus given of the state of the public mind.
The readiness with which an unexceptionable jury was empanneled on the trial already had in this case, is also entitled to considerable weight. I admit that the trial, and the publicity consequently given to the facts disclosed thereon, have added to the number who may have prejudged the case one way or the other. But making all due allowance for this, I am satisfied upon the affidavits before me that a fair and impartial jury, in the true spirit of the criminal code—a jury omni exceptione majores—will readily be found among the freeholders and inhabitants of the county of Richmond; and that the motion to change the venue should therefore be denied.
Motion denied.(a)

 An attempt was afterwards made to empannel a jury in the county of Richmond, but without success; whereupon the district attorney moved to change the venue, and the motion was granted.